IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA SANCHEZ<br>809 West Oak Street<br>Norristown, PA 19401<br><br>           Plaintiff,<br><br>     v.<br><br>MEADOWS MANAGEMENT, INC. d/b/a<br>THE MEADOWS AT SHANNONDELL<br>6000 Shannondell Drive<br>Audubon, PA 19403<br><br>           Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Maria Sanchez (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Meadows Management, Inc. d/b/a The Meadows at Shannondell (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*), for common law wrongful discharge in violation of the public policy of the Commonwealth of Pennsylvania and for violations of the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADA claims identically.

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant operates continuing care retirement and rehabilitation communities, including the location where Plaintiff worked.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff worked for Defendant as a caregiver/nurse's assistant from approximately September of 2019 until her termination in January of 2020.

12. At all times during her employment with Defendant, Plaintiff was managed by Defendant's Head Nurse, Kelly (last name unknown) and Supervisor Ruthie (last name unknown).

13. During her employment with Defendant, Plaintiff performed her job well and was a dedicated employee who received positive feedback regarding from management regarding her job performance.

14. In or about October of 2019, Plaintiff sustained a work-related injury to her upper arm which required physical therapy, and restrictions of light-duty work.

15. Plaintiff remained on light duty in connection to her work-related injury until approximately November of 2019.

16. In or about mid-December of 2019, Plaintiff suffered a second work-related injury which resulted in a fractured rib and other complications while lifting a patient. Plaintiff was again placed on light-duty work, folding towels in the laundry room for Defendant.

17. After both of Plaintiff's work-related injuries, Plaintiff filed for worker's compensation benefits and treated with Defendant's worker's compensation physicians.

18. Plaintiff continued to work light duty for the next few weeks up until approximately January 13, 2020, the last physical day Plaintiff worked for Defendant.

19. In addition to the conditions related to her workplace injuries, Plaintiff has and continues to suffer from disabilities, including complications related to a stroke and Bellspulsy (as discussed below).

20. Plaintiff's aforesaid health conditions, at times, impact her ability to walk, speak, think and perform manual labor (among other daily life activities).

21. Despite Plaintiff's aforesaid health conditions, she was still able to perform the essential duties of her job well with Defendant; however, at times, Plaintiff required a reasonable accommodation (in the form of a medical leave – discussed *infra*).

22. On or about January 14, 2020, Plaintiff began to feel extremely ill, her entire left side was weak, and Plaintiff started drooling. Plaintiff was immediately taken to the hospital wherein she was diagnosed with Bellspulsy and having had a stroke.

23. As a result of Plaintiff's stroke and Bellspulsy, Plaintiff has required ongoing medical care and treatment, including medication and speech therapy.

24. At the time that Plaintiff was hospitalized, Plaintiff was unable to speak or communicate. Therefore, on the same day that Plaintiff was admitted to the hospital, Plaintiff's husband contacted Defendant and informed Defendant of Plaintiff's hospitalization and diagnosis. Plaintiff's husband communicated with Defendant's management as well as Defendant's Human Resources Coordinator, Erin Crane, and another Human Resources employee by the name of Evan. In addition to informing Defendant of Plaintiff's hospitalization and conditions, Plaintiff's husband further informed Defendant's management and Crane that Plaintiff would not be in for the next few days.

4

25. Plaintiff's husband continued to provide Defendant with updates during Plaintiff's period of hospitalization.

26. Plaintiff was released from the hospital on or about January 17, 2020, at which time Plaintiff's husband immediately drove Plaintiff to work to deliver her hospital documentation and a note from Plaintiff's physician recommending that Plaintiff remain out of work for another 10 days until on or about January 27, 2020 so that Plaintiff could engage in physical therapy and increase the strength on her left side (a reasonable accommodation under the ADA).

27. However, instead of Plaintiff's very reasonable accommodation of a brief medical leave to treat her aforesaid health conditions being granted by Defendant, Defendant's management called and terminated Plaintiff **just 2 days later**, stating that they could not hold Plaintiff's position because she did not have any medical or FMLA leave available.

28. Thereafter, Plaintiff received a termination letter dated January 24, 2020, stating that Plaintiff's employment with Defendant had been terminated effective January 13, 2020.

29. Had Defendant not discriminatorily terminated Plaintiff and made any effort to accommodate Plaintiff, she would have been able to resume working after only missing minimal time from work. It is exceedingly clear that time off from work (*irrespective of* length of employee tenure) is a "reasonable accommodation." [2]

30. Not only is less than 2 weeks of time off for medical reasons an irrefutably reasonable accommodation, Plaintiff was not some key executive who performed a novel role. She

---

[2] *See e.g. Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F.Supp.2d 694 (E.D. PA 2010)(time off from work, even up to 3 months can constitute a reasonable accommodation under the ADA); *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004)(federal courts have permitted leave to be a reasonable accommodation under the ADA); *Shannon v. City of Philadelphia*, WL 1065210 (E.D. Pa. 1999)(time off from work for an extended period of time is a reasonable accommodation under the ADA).

5

held a position that was easily covered by other staff in the same and similar roles. There is <u>no justifiable defense</u> to Defendant's utter lack of good-faith interactive dialogue knowing of Plaintiff's diagnosis, her hospitalization and her need for a brief medical leave.

31. Plaintiff believes and therefore avers that she was terminated (1) very shortly after seeking workers' compensation benefits and during the same period of time when she was utilizing light duty due to her work-related injury; (2) at a time when she was confiding in Defendant's management about her aforesaid health conditions; (3) in very close proximity to when she requested and/or utilized reasonable accommodations under the ADA; and (4) for reasons directly related to her aforesaid health conditions and need for an accommodation.

## COUNT I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
(Actual/Perceived/Record of Disability Discrimination & Retaliation)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities (as discussed *supra*).

34. Plaintiff requested reasonable accommodations, in the form of time off from work.

35. Plaintiff was terminated from her employment (1) shortly after apprising management of her disabilities; (2) immediately after she requested a brief medical leave for her health conditions; and (3) for reasons directly related to her health conditions.

36. Plaintiff was terminated from Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

37. These actions as aforesaid constitute violations of the ADA, as amended.

## COUNT II
## Common-Law Wrongful Discharge
### (Public Policy Violation)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

40. It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

41. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                                                Respectfully submitted,

                                                **KARPF, KARPF & CERUTTI, P.C.**

                                        By:     _____
                                                Ari R. Karpf, Esq.
                                                3331 Street Road
                                                Two Greenwood Square, Suite 128
                                                Bensalem, PA 19020
                                                (215) 639-0801

Dated: March 29, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Maria Sanchez | : | CIVIL ACTION |
| v. | : | |
| Meadows Management, Inc. d/b/a The Meadows at Shannondell | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/30/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 809 West Oak Street, Norristown, PA 19401

Address of Defendant: 6000 Shannondell Drive, Audubon, PA 19403

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case  [ ] is / [X] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/30/2021  _____  ARK2484 / 91538
              *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/30/2021  _____  ARK2484 / 91538
              *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SANCHEZ, MARIA

**DEFENDANTS**

MEADOWS MANAGEMENT, INC. D/B/A THE MEADOWS AT SHANNONDELL

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1  U.S. Government Plaintiff
- **X 3  Federal Question**  *(U.S. Government Not a Party)*
- 2  U.S. Government Defendant
- 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/30/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE